Holmes v. Trustees of Wesley M. E. Church at Belleville.

appear at its meetings and at a proper time and in a proper method present her views as to the management of the affairs of the company and take part in the election of its directors. She therefore had the right to be notified that at a meeting of the company it was proposed to take from her this right to share in the management and to be heard upon this question, and it is the protection of the complainant's rights considered in this aspect, rather than in the mere light of the amount of her pecuniary interest, that, in my judgment, entitles her to an injunction against this change. If her rights be of the character which I have supposed, they can only be protected by the preliminary injunction, and I will, therefore, advise the injunction.

There being in the case a question which, in the interest of both parties, should be put in the course of decision by the court of appeals, I will make a direction that preliminary injunction issue upon the condition that if the defendants desire to appeal and file a notice of appeal within ten days, the complainant shall consent to so speed the hearing of the appeal by stipulations as to filing of answer or otherwise as shall enable the defendants to bring on the hearing of the appeal at the next term of that court.

---

HUGH HOLMES et al.

*v.*

THE TRUSTEES OF THE WESLEY METHODIST EPISCOPAL CHURCH AT BELLEVILLE et al.

[Filed February 24th, 1899.]

1. The fact that persons not members of a church society contributed to the fund which was used by it in the payment of land sought to be impressed with a trust for charitable uses does not make them donors of the land itself, nor authorize them to impose restrictions on the right of alienation, the church not being a mere donee under a donor for charitable uses, though the grantor as to the balance of the price was a donor.

2. The members of a church society, as against the society, cannot enforce a parol gift to charitable uses, where the society accepted a deed purporting to be one of purchase and not of gift.

3. Members of a church society, as against the society, cannot show, *dehors* a deed to the society, that its legal effect is different from what it purports to be.

4. A bill by a member of a religious society alleging personal interests and fraudulent motives in the sale of church property by the trustees, who, under the statute, sustain fiduciary relations to the church, sets forth a breach of trust against which complainant is entitled to relief.

On amended bill for injunction and motion to strike out portions of amended bill.

*Mr. George Biller,* for the motion.

*Mr. Chauncey G. Parker, contra.*

EMERY, V. C.

The original bill in this case was filed by complainant as a member of a religious society, whose trustees are incorporated under the general act, to enforce a trust alleged to have been created by the deed under which the defendant church holds its church lot and burying-grounds, and to enjoin a sale which, as is claimed, would violate this trust created by the deed.

Upon the application for a preliminary injunction on the original bill, I considered the nature of the title of the defendant church to its church lot and burying-ground, under the statute and under the deed now in question, made by one Williams to the church, taking the deed to be what on its face it purports to be, a deed of purchase for a substantial money consideration ($565) expressed in the deed. *Holmes* v. *Methodist Episcopal Church, 41 Atl. Rep. 102.* . The amended bill (paragraphs 4–10 and 26–30) alleges facts showing, or relied on as showing, that the transaction was not in fact a purchase by the church, but that Williams and others contributed for the purchase of the land in question (these other persons who did not belong to the society contributing about $170 and Williams the balance), and that the church itself, as a society, gave no consideration to

Williams for the lands. Whether Williams was a member of the society does not distinctly appear. It is claimed that these and other facts *dehors* the deed set up in the amended bill, show that the transaction evidenced by the deed was not a purchase by the church from Williams, but a gift or donation upon the charitable uses expressly declared in the deed; that the limitations against alienation, imposed by these uses expressed in the deed, are therefore valid to restrict the power of alienation which, under the statute and on the face of the deed, the society would possess, and that the complainants, as members of the religious society, have the right as against the society itself to enforce the execution of the trusts as charitable trusts. In my judgment this contention is not well founded. In the *first* place the facts *dehors* the deed set out in these amendments, do not when taken in connection with the deed itself, as one of the facts in the transaction, show that the relation of donor and donee for charitable uses was the relation finally intended and agreed on by the parties to the deed. The contribution by the persons other than Williams, for the purchase of property to be conveyed by Williams to the church, while it may be in one sense a donation to the church, to be used by it for the purchase from Williams, did not constitute the contributors, in a legal sense, donors of the land itself to the church, or give them the right as donors of land for charitable uses to impose restrictions upon the right of alienation given by the statute incorporating the church. Their rights as contributors to the church of a portion of the fund for purchase, were extinguished when the church applied the contributions for this purpose. The church using these funds so contributed for the purchase, becomes, as to its grantor, a purchaser, and cannot be made a mere donee holding under a donor for charitable uses, even if Williams, the actual grantor, be considered, on all the facts alleged, to be a donor to the extent of his contribution to the purchase fund.

*Second.* The complainants, whose rights are only those of members of the religious society, the grantee in the deed, which, by the final agreement of grantors and grantee, was made a deed purporting to be a deed of purchase and not of gift, have no

standing as such members to rescind this final contract, evidencing the relation of the parties, which both parties were competent to make, and did make. The complainants do not claim to be themselves donors on the original purchase, and the contribution of complainants, or either of them, to the building fund subsequent to the conveyance, must be intended to have been made as subject to the rights and powers of the church under a deed of purchase.

*Third.* Evidence *dehors* the deed is not admissible on behalf of persons standing in the relation of complainants to the society, to prove that the legal effect of the deed is other than that which is in law given to it by the recital of the payment of a substantial money consideration. The case in this respect comes within the general rule of estoppel against proof by parol of a consideration which would affect the legal character of the instrument. *Big. Estop.* (*5th ed.*) *p. 479*. The complainants in this case do not occupy the double character of contributors to the fund and persons interested in the fund so contributed as *cestuis que trust* as was the case in *Ludlam* v. *Higbee, 3 Stock. 342, 347*, and their sole standing on the facts stated in this bill is that of members of a society which had received title as by purchase and under the statute, and not by deed of gift or donation. For the reasons stated in the former opinion, I hold that the only trust on the part of the church toward complainants under this purchase is that of holding and disposing of the property under the authority and for the uses and purposes declared by the statute.

The motion to strike out these paragraphs will therefore be granted.

The motion to strike out paragraphs 14 to 20 must be denied. Under the statute the defendant trustees sustain fiduciary relations in their management and disposal of the church property, and these paragraphs of the bill allege personal interests and fraudulent motives on the part of these defendant trustees in the sale of the property and in the discharge of their trusts. These charges, unanswered and unexplained, constitute a breach of trust, against which complainants are entitled to relief against

a sale by the trustees in violation of their duties, and the charges should therefore be answered. *Van Houghten* v. *Reformed Dutch Church, 2 C. E. Gr. 126, 132,* is a qualified authority on this point, if any authority be needed.